**JING YUN JIANG, Zong Liang Tang, Petitioners,**

v.

**Alberto GONZALES, Attorney General,[1] Respondent.**

Nos. 02–4874–ag (L), 02–4880–ag (Con).

United States Court of Appeals, Second Circuit.

June 5, 2006.

Thomas V. Massucci, Esq., New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Shane Cargo, Assistant United States Attorney, New York, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jing Yun Jiang and Zong Liang Tang, through counsel, petition for review of the BIA decision affirming Immigration Judge ("IJ") Sandy K. Hom's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Chen did not argue his CAT claim before the BIA or this Court, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see,*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, Jiang's and Tang's claims fail for the reasons stated by the IJ. The IJ properly found that Jiang's and Tang's testimony was inconsistent, vague, and implausible at times. Jiang testified inconsistently regarding when she learned she was pregnant, and when she went into hiding. Likewise, Tang's testimony concerning Jiang's second pregnancy and where she was hiding was vague and inconsistent. Moreover, neither Jiang's testimony nor her written statement mentioned the Chinese government having sought to sterilize Tang. The IJ also properly found it implausible that Jiang would have given birth to her second son in a government hospital while she was in hiding, and that family planning officials would have waited three years before seeking to fine and sterilize her. Although the IJ did not provide an in-depth analysis of the contradictory testimony, because the IJ cited numerous inconsistencies, omissions, and implausibilities, substantial evidence in the record supports the IJ's adverse credibility determination, and, therefore, the applications for asylum and withholding of removal were properly denied. *See Secaida–Rosales,* 331 F.3d at 307.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these proceedings are VACATED, and any pending motion for a stay of removal is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).